**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CAUSE NO.: 1:11-CR-67-TLS |
| ) | |
| ALFRED ALCARAZ ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for a Bill of Particulars [ECF No. 23], filed by the Defendant on March 2, 2012.

**PROCEDURAL BACKGROUND**

The Defendant, Alfred Alcaraz, is charged, by way of a one-count Superseding Indictment[1] [ECF No. 31], as follows:

> From on or about January 2009, up to and including on or about December 6, 2010, in Allen County, Fort Wayne, Indiana, in the Northern District of Indiana and elsewhere,
>
> ALFRED ALCARAZ,
>
> defendant herein, did unlawfully, knowingly, intentionally, and willfully, combine, conspire, confederate and agree with other persons known and unknown to the grand jury, to commit an offense against the United States, that is, to possess with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) more than 100 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I Controlled Substance;
>
> All in violation of 21 U.S.C. § 846.

The Defendant pled not guilty at his arraignment before Magistrate Judge Roger Cosbey on November 30, 2011 [ECF No. 13]. On March 2, 2012, the Defendant filed seven motions, including the Motion for a Bill of Particulars [ECF No. 23]. The Government filed a Response

---

[1] The original one-count Indictment [ECF No. 1] is identical to the Superseding Indictment except that it charges the conspiracy as beginning on or about December 2009.

[ECF No. 29] on March 16, and the Defendant filed a Reply [ECF No. 34] on April 6.

**ANALYSIS**

In his Motion for Bill of Particulars, the Defendant requests that the Government be ordered to disclose and identify with specificity the following: 1) "the earliest date on which the alleged conspiracy commenced"; 2) "the other places, locations, counties, or cities, in which the defendant is alleged to have conspired with others to possess with the intent to distribute marijuana"; 3) the other co-conspirators alleged to be known to the grand jury"; and 4) "the amount, by weight, 'of a mixture and substance containing a detectable amount of marijuana' that defendant is alleged to have conspired with others to possess with the intent to distribute." (Mot. for a Bill of Particulars 2, ECF No. 23.) The Government responds, arguing that a bill of particulars is not necessary because the indictment is sufficient to apprise the Defendant of the charge against him so that he can prepare for trial. The Government specifically responds to each of the Defendant's four requests. The Government also argues, in the alternative, that even if the indictment were insufficient, the discovery provided by the Government is more than that required under Federal Rule of Criminal Procedure 16 and thus is sufficient to put the Defendant on notice and allow him to prepare his defense. The Defendant replies that the identities of alleged co-conspirators are more than merely the evidentiary details by which the Government plans to establish guilt; instead, he argues, they are essential for his trial preparation. The Defendant also argues, in his Reply, that the language "in Allen County, Fort Wayne, Indiana, in the Northern District of Indiana and elsewhere" does not provide enough specificity regarding

2

the scope of the alleged conspiracy. Due to these two deficiencies,[2] the Defendant argues denial of a bill of particulars would violate his Sixth Amendment right to counsel by not allowing his counsel to prepare adequately and effectively for trial; would violate his Fifth Amendment right to be tried only for the crime for which the grand jury indicted him; and would violate his Fifth Amendment right to later plead double jeopardy.

Federal Rule of Criminal Procedure 7(f) provides:

The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

The decision whether to require a bill of particulars lies within the discretion of the trial court. *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003); *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991); *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985). The purposes of a bill of particulars include: (1) allowing a defendant to avoid double jeopardy in the event of a subsequent prosecution for the same offense; (2) avoiding prejudicial surprise at trial; and (3) providing a defendant with information sufficient for him to prepare his defense. *See United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978).

In determining whether to grant a bill of particulars, "[t]he standard is whether the government's indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial." *Canino*, 949 F.2d at 949. "[I]f the defendant could, from reading the

---

[2] In his Reply, the Defendant makes no further argument regarding his requests for a more specific date on which the alleged conspiracy commenced, or for the amount, by weight, of marijuana he is alleged to have conspired with others to possess with the intent to distribute. Accordingly, as the Defendant appears to have abandoned these requests, the Court will address only his arguments for a bill of particulars stating the names of alleged co-conspirators and the places where the Defendant is alleged to have conspired with others to possess marijuana with the intent to distribute it.

indictment, reasonably anticipate the evidence to be introduced at trial, the denial of the motion [for a bill of particulars] does not prejudice the defendant." *Andrus*, 775 F.2d at 843. "[A] defendant's constitutional rights under the fifth and sixth amendments require that he be informed of the nature of the offense charged to allow him to prepare a defense and to protect his double jeopardy rights; they do not require the government to reveal the details of how it plans to prove its case." *United States v. Glecier*, 923 F.2d 496, 502 (7th Cir. 1991); *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981) ("a defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case" (quotation marks and citations omitted)).

An indictment that repeats the wording of a statue is usually sufficient. *Hamling v. United States*, 418 U.S. 87, 117–18 (1974). An indictment for conspiracy under 21 U.S.C. §§ 841(a) and 846 is sufficient if it alleges a conspiracy to distribute drugs, the time frame during which it allegedly was operated, and the statute violated, even if it does not allege specific overt acts. *United States v. Dempsey*, 806 F.2d 766, 769 (7th Cir. 1986).

In making the determination whether a defendant is sufficiently apprised of the charges, the court is not limited to considering only the indictment; the information may be provided to the defendant through "some other satisfactory form." *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003) (holding that a bill of particulars was not required to produce the names of minor individuals allegedly part of a criminal enterprise where "the names of the minors were available through discovery"); *Fassnacht*, 332 F.3d at 447 n.2; *Canino*, 949 F.2d at 949 (holding that a government "open-file" discovery policy was "an adequate 'satisfactory form' of information retrieval, making the bill of particulars unnecessary").

The Superseding Indictment in this case sufficiently informs the Defendant of the nature of the offense with which he is charged and sets forth the charge in a manner sufficient to allow the preparation of a defense. The Defendant argues that the Government has not identified a case where a federal court found an indictment comparable to his to be sufficient, or a case where a federal court found that a bill of particulars was not required to elucidate an indictment similar to his. He argues, implicitly, that Seventh Circuit precedent militates for indictments to include the names of co-conspirators. *See United States v. McAnderson*, 914 F.2d 934, 946 (7th Cir. 1990) ("[W]here the indictment provides sufficient information to inform the defendant of the nature of the charges against him, *and the government provides the defendant with information about the . . . co-conspirators prior to trial*, the defendant has not suffered prejudice from the refusal of the request for a bill of particulars." (emphasis added)); *but see United States v. Roman*, 728 F.2d 846, 853 (7th Cir. 1984) (holding that an indictment "exceeds the minimum requirements in that it . . . names a substantial number of the coconspirators."). The Defendant also argues that "because the conspiracy provision of the Controlled Substances Act, 21 U.S.C. § 846, does not require an indictment to list any overt acts taken in furtherance of the conspiracy, '[a] bill of particulars is all the more important in a narcotics conspiracy case because the indictment itself provides so little detail.'" *United States v. Wilson*, 493 F. Supp. 2d 364, 374 (E.D.N.Y. 2006) (quoting *United States v. Ramirez*, 54 F. Supp. 2d 25, 30 (D.D.C. 1999)). The Court notes that in spite of its broad statement about drug conspiracies, the *Wilson* court denied the bill of particulars as to "dates and locations of joining and participation in the [drug] conspiracy" and as to "the names of alleged co-conspirators." *Wilson*, 493 F. Supp. 2d at 374. Further, the Court finds that *Ramirez*—the only case cited by the Defendant where a bill of particulars was granted

5

with respect to names of co-conspirators and locations of acts taken during the conspiracy—is distinguishable on its facts. In *Ramirez*, the three defendants arguing for a bill of particulars were charged as part of a larger conspiracy lasting nearly a year, but were only charged with criminal conduct occurring six days before the end of the alleged conspiracy. *Ramirez*, 54 F. Supp. 2d at 30. In those circumstances, the court found a bill of particulars appropriate to apprise them of their alleged involvement in the larger conspiracy, and necessary to allow them to prepare adequately for trial. *Id.* The Defendant, however, is the only named co-conspirator, so there is no question as to his alleged involvement with the charged conspiracy.

Finally, it appears that the requested information is available through discovery that the Government has already provided to the Defendant. The Government argues that it has tendered discovery exceeding that required by Federal Rule of Criminal Procedure 16. The Defendant does not respond to the Government's argument that discovery materials sufficiently apprise him of the crime alleged, except one statement that he is in the "precarious position of having to guess, from the discovery produced so far, the scope of the alleged conspiracy and the identities of its participants." (Def.'s Reply 4, ECF No. 34.) The Defendant's argument does not state why the discovery materials he has been provided are insufficient and will leave him guessing about the scope of the conspiracy or the identity of its participants. Although the Defendant has previously noted that discovery in this case is voluminous,[3] that fact alone does not suggest that discovery materials will be insufficient to allow the Defendant to adequately prepare for trial. Because the Court finds that the Superseding Indictment "sets forth the elements of the offense charged and sufficiently apprises the [D]efendant of the charges to enable him to prepare for

---

[3]In his most recent Motion to Continue, the Defendant states that discovery now includes more than fourteen discs of material. (Mot. to Continue 3, ECF No. 25.)

trial," *Fassnacht*, 332 F.3d at 446 (quotation marks omitted), the Defendant's request for a bill of particulars will be denied.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for a Bill of Particulars [ECF No. 23] is DENIED.

SO ORDERED on April 16, 2012.

         s/ Theresa L. Springmann
        THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT