UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:11-CR-67 |
| | ) | |
| ALFRED ALCARAZ | ) | |

**FINDINGS AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**
**UPON A PLEA OF GUILTY**

TO:  THE HONORABLE THERESA L. SPRINGMANN, JUDGE,
     UNITED STATES DISTRICT COURT

Upon Defendant's request to enter a plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure, this matter came on for hearing before U.S. Magistrate Roger B. Cosbey, on June 4, 2012, with the written consents of the defendant, counsel for the defendant, and counsel for the United States of America.  The Defendant had previously filed a motion seeking leave to withdraw his previously entered plea of not guilty and to enter a new and different plea of guilty to the Superseding Indictment. (Docket # 40.)  At the June 4, 2012, hearing, however, the Court noted that the Defendant was never arraigned on the Superseding Indictment.  As such, because the Defendant never actually offered a plea as to the Superseding Indictment, the Court deemed his motion to change his plea (Docket # 40) MOOT.  The Court then proceeded to arraignment on the Superseding Indictment, and, after the Defendant confirmed his intent to enter a plea of guilty, the Court conducted a plea hearing.

The hearing on defendant's plea of guilty was in full compliance with Rule 11, Federal Rules of Criminal Procedure, before the Magistrate Judge in open court and on the record.

In consideration of that hearing and the statements made by the defendant under oath on

the record and in the presence of counsel, the remarks of the Assistant United States Attorney and of counsel for defendant,

I FIND as follows:

(1) that defendant understands the nature of the charge against him to which the plea is offered;

(2) that the defendant understands his right to trial by jury, to persist in his plea of not guilty, to the assistance of counsel at trial, to confront and cross-examine adverse witnesses, and his right against compelled self-incrimination;

(3) that the defendant understands what the maximum possible sentence is, including the effect of the supervised release term, and defendant understands that the Sentencing Guidelines apply and that the Court may depart from those guidelines under some circumstances;

(4) that the plea of guilty by the defendant has been knowingly and voluntarily made and is not the result of force or threats or of promises apart from the **conditional** plea agreement between the parties;

(5) that defendant is competent to plead guilty;

(6) that the defendant understands that his answers may later be used against him in a prosecution for perjury or false statement;

(7) that there is a factual basis for the defendant's plea; and further,

I RECOMMEND that the Court accept the defendant's plea of guilty and that the Defendant be adjudged guilty of the offense charged in the single-count Superseding Indictment, and have sentence imposed. A Presentence Report has been ordered. Should this Report and Recommendation be accepted and the Defendant adjudged guilty, sentencing will be scheduled

before Judge Theresa L. Springmann by separate order and notice. Objections to the Findings and Recommendation are waived unless filed and served within fourteen (14) days. 28 U.S.C. § 636(b)(1)(B).

DATED this 4th day of June, 2012.

/s/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge